# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cr-150-WTL-DKL |
| ) | |
| LARRY G. YOUNG, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON DEFENDANT'S MOTION IN LIMINE REGARDING FRE 414 EVIDENCE

This cause is before the Court on the Defendant's motion in limine to preclude evidence of prior alleged acts of child molestation by the Defendant pursuant to Federal Rule of Evidence 414. Dkt. No. 41. A hearing was held on the motion on March 29, 2013. The Court, being now duly advised, rules as follows.[1]

### I. STANDARD

Federal Rule of Evidence 414(a) provides: "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." This provision is an exception to the general prohibition against so-called "propensity evidence" found in Rule 404 and represents Congress's determination that "in a criminal trial for [a sexual offense], it is not improper to draw the inference that the defendant committed this sexual

---

[1] The Government has also noticed its intent to introduce evidence of another photograph allegedly taken by Mr. Young on the date of the instant offense pursuant to Rule 404(b). Mr. Young does not object to the introduction of this evidence on these grounds. Def.'s Obj. at 1, No. 41 ("Based on the defense's theory of the case we do not object to the picture of the buttock under 404(b).").

offense because he has a propensity to do so." *United States v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2009).

At the same time, "evidence of prior sexual offenses may still pose significant dangers against which the district court must diligently guard." *Id.* at 823. Accordingly, the district court must carefully consider whether prior sexual offenses should nevertheless be excluded under Rule 403, which provides for the exclusion of relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, waste of time, or needlessly presenting cumulative evidence.

## II. BACKGROUND

Defendant Larry Young is charged with one count of violating 18 U.S.C. § 2251, sexual exploitation of children. Mr. Young is alleged to have taken a picture of the genitals of a young boy ("Boy #1") with his cell phone. The picture was discovered by the boy's mother, who contacted local authorities. On questioning by law enforcement, Mr. Young is alleged to have stated that he took the images because he has a sexual attraction to male children between eight and ten years of age.

Since Mr. Young was indicted, a young man has come forward and alleged that Mr. Young molested him seventeen years ago. This young man ("Boy #2") alleges that Mr. Young fondled his genitals and engaged in oral intercourse with him. The Government has filed notice that it intends to introduce this evidence at trial in support of its case-in-chief against Mr. Young; the Government indicates that it will use this evidence to prove Mr. Young's "propensity, opportunity, intent, knowledge, identity, and absence of mistake or accident in reference to the offense charged in the Indictment." Mr. Young objects to the admission of this evidence.

### III.　DISCUSSION

As a preliminary matter, a charge of "child molestation" includes "any conduct prohibited by 18 U.S.C. chapter 110." Fed. R. Evid. 414(d)(2)(B). Here, Mr. Young is charged with violating 18 U.S.C. § 2251, which section the Court judicially notices occurs in Title 18, Chapter 110 of the United States Code. Mr. Young has, therefore, been accused of "child molestation" as it is defined in Rule 414.

"Child molestation" also includes "contact between any part of the defendant's body – or an object – and a child's genitals or anus" and "contact between the defendant's genitals or anus and any part of a child's body." Fed. R. Evid. 414(d)(2)(C),(D). As Boy #2 testified to fondling and oral intercourse, the Court finds that the proposed evidence consists of evidence of "other child molestation," as required by Rule 414.

There is no well-defined test to apply in the context of admitting Rule 414 evidence; rather, the inquiry is a flexible, yet sensitive, balancing test committed to the discretion of the district court. *United States v. Hawpetoss*, 478 F.3d 820, 825 (7th Cir. 2007) (citing *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998) (detailing some of the "innumerable considerations" and the "sensitive nature of the balancing test")). In conducting this analysis, other courts have considered

(1)　the similarity of the prior acts to the acts charged;

(2)　the closeness in time of the prior acts to the charged acts;

(3)　the frequency of the prior acts;

(4)　the presence of intervening events; and

(5)　the need for evidence beyond the testimony of the defendant and alleged victim.

*See Guardia*, 135 F.3d at 1326; *see also Hawpetoss*, 478 F.3d at 825 (disapproving the "rigid" application of these same factors but approving *Guardia*). "[T]he legislative history indicates that Congress intended for the lapse of time between the prior and charged offenses to pose no categorical bar to the admission of the prior assault, but rather that it represent a factor that the jury may consider in assessing the probative force of the prior assault." *United States v. Julian*, 427 F.3d 471, 486 (7th Cir. 2005).

According to the Government, this evidence is relevant and admissible as evidence of the sexually explicit nature of the photograph, as corroboration of Mr. Young's allegedly confessed motive (sexual attraction), and as evidence of Mr. Young's propensity to engage in inappropriate sexual acts with children. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence to determining the action." Fed. R. Evid. 401. With its theories regarding the sexual nature of the photograph, Mr. Young's "motive," and his propensity to engage in sexual acts with children, the Government has met the low standard of relevance for this evidence. Furthermore, of course, Rule 414 permits the propensity purpose outlined by the Government here.

Nonetheless, the evidence is still subject to exclusion under Rule 403. In arguing that the probative value of the evidence of Boy #2's alleged molestation is substantially outweighed by the danger of unfair prejudice, Mr. Young highlights the differences in alleged acts, the passage of time, and certain inconsistencies in Boy #2's testimony. According to Mr. Young, the physical acts of molestation alleged by Boy #2, as compared to the photograph at issue in the instant case, render the evidence minimally probative. The passage of time – seventeen years – as well as the inconsistencies in Boy #2's testimony with his seventeen-year-old narrative police report, further limit the probity of the evidence. The Court agrees that the acts are – to a certain degree –

4

dissimilar, and that the passage of time and inconsistences limit the probity of the evidence. However, the Court also agrees that there are some key consistencies: the victim is a minor male that was left, to some degree, in the care and control of Mr. Young. The probity of the evidence itself therefore is not so minimal as to be substantially outweighed by *any* danger of unfair prejudice.

Turning then to the danger of unfair prejudice, the Court finds that the danger in this case indeed substantially outweighs the probative value of the evidence. The acts alleged to have been perpetrated against Boy #2 are deeply disturbing – as are, of course, the acts alleged in the instant case. However, given that charges regarding Boy #2 were never pursued, the Court believes that this testimony, beyond its permissible and probative purposes, will unduly raise the ire of the jury. There is a very real and genuine risk that an impassioned jury will convict Mr. Young on the basis of the acts committed against Boy #2, not the acts alleged here. Mr. Young's motion in limine as to this evidence therefore is granted.

The Government requests in the alternative that the Court withhold ruling on the admissibility of the evidence for rebuttal purposes. The Government noted that it may introduce the evidence if Mr. Young testifies that he has no sexual interest in minors or that the photograph is not sexual in nature. Accordingly, the Court withholds ruling on the admissibility of this evidence on rebuttal. However, if the Government wishes to introduce evidence on this topic on rebuttal, it shall proceed in accordance with the procedure outlined below.

### IV.    CONCLUSION

The Defendant's motion in limine to exclude evidence regarding Boy #2 is **GRANTED**. The Court notes that the granting of a motion in limine is not a final ruling regarding the admissibility of the evidence at issue. Rather, it simply prohibits eliciting testimony regarding or

otherwise mentioning a particular issue during trial without first seeking leave of Court outside of the presence of the jury. Therefore, a party who wishes to elicit testimony or introduce evidence regarding a topic covered by a motion in limine that has been granted should request a sidebar conference during the appropriate point in the trial, at which time the Court will determine how best to proceed. Parties should always err on the side of caution and interpret rulings on motions in limine broadly, requesting sidebars before eliciting testimony or offering evidence that is even arguably covered by a ruling in limine and avoiding mention of such topics during voir dire, opening statements, and closing argument.

SO ORDERED: 04/08/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.